UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>   Plaintiff,<br><br>   v.<br><br>WARDEN, et al.,<br><br>   Defendants. | No. 2:25-cv-1483 DJC AC P<br><br>ORDER |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

   I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

The complaint alleges that the defendants—McIntire, John Doe officers ("Doe defendants"), and MCSP warden—violated his constitutional rights while plaintiff was housed at Mule Creek State Prison ("MCSP"). ECF No. 1. Specifically, plaintiff alleges that McIntire "has repeatedly harassed me an [sic] threatened me in acts of ("retaliation") for filing grievance CDCR's on him being [CDCR Form 602]." Id. at 4. Plaintiff alleges that the Doe defendants prevented him from going to the yard or the law library and that "they are commiting [sic] the crimes of conspiracy to commit illegal criminal acts of refusing me access to the court." Id. at 3.

1  He further alleges "named CDCR officer – McIntire relentessly [sic] is threatening me is now that
2  with CDCR ('John Doe') officers." Id. at 5. With respect to his injury, plaintiff writes "I have
3  had my federal constitutional amendment rights violated." Id. at 3; see also id. at 5. By way of
4  relief, he seeks "a court trial." Id. at 6.

5  Plaintiff attaches several documents to his complaint, which include a letter from the U.S.
6  Department of Justice, a mostly incomprehensible document concerning ciphers, numeric data,
7  and complex math, a document concerning FBI and sheriff cooperation, documents concerning
8  social media reliance, and documents concerning NATO Innovation Challenge. Id. at 7-20.

9  III.    Failure to State a Claim

10  Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the
11  complaint does not state a valid claim for relief against any defendant.

12  As an initial matter, plaintiff fails to comply with Federal Rule of Civil Procedure 8(a).
13  While the complaint is short, it does not provide a plain statement showing that he is entitled to
14  relief. Plaintiff, in a conclusory fashion, alleges that his rights were violated but provides no
15  factual basis for his claims from which the court can draw any reasonable inferences regarding
16  the alleged misconduct. On this basis alone, his claims fail.

17  Moreover, plaintiff fails to state any claim against the warden of MCSP because he does
18  not allege how the warden personally participated in or directed the alleged deprivation of his
19  constitutional rights or knew of the violation and failed to act to prevent it. Naming the warden as
20  a defendant merely because of his position as warden is insufficient to establish § 1983 liability.

21  Plaintiff also fails to state a retaliation claim against McIntire because he does not allege
22  what defendant McIntire did or said that was harassing or threatening. Without this information,
23  the court cannot determine whether McIntire allegedly took an adverse action against plaintiff for
24  filing a grievance against him.

25  Similarly, plaintiff fails to state claims against Doe defendants for denying him access to
26  the law library because he does not allege any actual injury suffered as a result of their actions.
27  Plaintiff also fails to state a conspiracy claim against defendant McIntire and Doe defendants
28  because he does not allege how they conspired to violate his rights.

1         Lastly, to the extent plaintiff alleges a violation of his rights based on denial of access to
2  the yard, he fails to allege the circumstances, nature, and duration of this deprivation, which
3  prevents the court from determining whether he has adequately alleged a sufficiently serious
4  deprivation, by defendants who had the requisite state of mind when the deprivation occurred.
5         Because of these defects, the court will not order the complaint to be served on
6  defendants. Instead, plaintiff may try to fix these problems by filing an amended complaint. In
7  deciding whether to file an amended complaint, plaintiff is provided with the relevant legal
8  standards governing his potential claims for relief which are attached to this order. See
9  Attachment A.
10     IV.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer
11        Your complaint will not be served because the facts alleged are not enough to state a
12  claim. You are being given a chance to fix these problems by filing an amended complaint. If
13  you file an amended complaint, pay particular attention to the legal standards attached to this
14  order. Do not merely state that they retaliated, conspired, denied you access to the courts, etc. Be
15  sure to provide *facts* that show exactly what each defendant did and/or said to violate your rights.
16  **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

18        In accordance with the above, IT IS HEREBY ORDERED that:
19        1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
20        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
21  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
22  § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
23  appropriate agency filed concurrently herewith.
24        3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
25  U.S.C. § 1915A, and will not be served.
26        4. Within thirty days from the date of service of this order, plaintiff may file an amended
27  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
28  Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

4

number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 17, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Legal Standards Governing Substantive Claims for Relief

   a. Doe Defendants

Although the use of Doe defendants (unknown defendants) is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3, 2012 U.S. LEXIS 92286,

at *8 (E.D. Cal. July 3, 2012), Robinett v. Corr. Training Facility, No. C 09-3845 SI (PR), 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010). Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by *each* specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify *each* Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what *each* individual did to violate his rights.

### b. Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). To state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

////

      c.  First Amendment – Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

An adverse action does not need to be "an explicit, specific threat of discipline or transfer" or a threat that is carried out. Brodheim, 584 F.3d at 1270 (citation omitted). The relevant question is whether the alleged statements by defendant could reasonably be interpreted by "a person of ordinary firmness" "as intimating that some form of punishment or adverse regulatory action would follow." Id. (internal quotation marks and citations omitted).

      d.  First Amendment – Access to Courts

To state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

      e.  Eighth Amendment – Conditions of Confinement

For a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). To be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing,

1  sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
2  2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort
3  inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217
4  F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but
5  only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to
6  make out a conditions of confinement claim, and only those deprivations denying the minimal
7  civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth
8  Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).
9  The circumstances, nature, and duration of the deprivations are critical in determining whether the
10 conditions complained of are grave enough to form the basis of a viable Eighth Amendment
11 claim. Johnson v. Lewis, 217 F.3d at 731.

12       The second prong focuses on the subjective intent of the prison official. Peralta, 744 F.3d
13 at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard
14 requires a showing that the prison official acted or failed to act despite the prison official's
15 knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at
16 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere
17 negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511
18 U.S. at 835.

19         f. Conspiracy

20       To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts
21 showing an agreement or meeting of minds between the defendants to violate his constitutional
22 rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also
23 show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy.
24 Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan,
25 but each participant must at least share the common objective of the conspiracy.'" Franklin v.
26 Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge
27 Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

28